VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-099



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2024

Michael Grabach\* v. Eleanor Grabach

}   APPEALED FROM:
}
}   Superior Court, Rutland Unit,
}   Family Division
}   CASE NO. 22-DM-02508
Trial Judge: Susan A. McManus

In the above-entitled cause, the Clerk will enter:

Husband appeals the property division and maintenance provisions of a final divorce order.  On appeal, husband argues that the court improperly awarded maintenance to wife.  We affirm.

The parties were married for almost twenty years and have two daughters, who are now over eighteen.  Wife obtained a master's degree in social work prior to the marriage and maintained employment in that field during the marriage, except for time off for parental leave following the children's births.  Husband obtained an advanced nursing degree during the marriage.  In 2011, the parties moved from Florida to New Hampshire where they both worked in their respective fields.  The family relocated to Rutland, Vermont in 2014, and purchased a home.  Once in Vermont, initially the parties shared childcare and parenting responsibilities equally and were both employed locally.  In 2017, husband lost his position at the local hospital and began working as a traveling nurse anesthetist.  He worked in temporary positions during the COVID pandemic and through 2022, traveling to New Hampshire, New York, Maine, and Washington state.  Because husband was away for long periods, wife assumed the childrearing responsibilities.

Husband was paid as a contractor for the traveling nurse duties, but the work was high stress.  In April 2023, husband accepted a permanent position in Washington state.  At the time of the final hearing, his annual income was $225,406.  Wife was employed as a licensed clinical social worker and worked full time earning $89,701 annually.  After husband moved, wife stayed in the marital home in Rutland with the parties' children.  The home was valued at $620,000 with $260,000 in equity.  During the marriage, the parties had a high standard of living.  They sent their children to a private, independent school and had four vehicles, two that were driven by the children.  They ate out at restaurants, took vacations, purchased ski passes and exercise equipment.  The parties each had retirement accounts, multiple bank accounts, and credit card debt.

Following a contested hearing, the court awarded wife primary rights and responsibilities for their minor child, who has since reached adulthood. In deciding property division, the court found that the parties contributed equally to the development of the marital estate, were both gainfully employed, and had maintained a high standard of living throughout the marriage. Husband earned more than wife and wife did most of the caretaking and parental responsibilities, which allowed husband to pursue his traveling-nurse positions. The court determined that wife was entitled a larger share of the marital property and granted her the marital home, her retirement accounts, and three vehicles (two of which were used by the children). Husband received a vehicle, his retirement account, which was larger than wife's retirement, and other personal accounts. The court found that spousal maintenance was appropriate in this case given that it was a long-term marriage and wife was employed but not able to provide for her reasonable needs at the standard of living established during the marriage. The court awarded wife spousal maintenance of $3000 per month for 120 months based on the difference in the parties' income and wife's inability to meet her reasonable needs given her income. Husband appeals.

On appeal, husband argues that the court erred in awarding maintenance to wife. Pursuant to statute, the court can award maintenance if the receiving spouse lacks sufficient income or property to provide for reasonable needs and is unable to provide enough support through employment to maintain the standard of living established during the marriage. 15 V.S.A. § 752(a). The statute provides seven nonexclusive criteria for the court to consider including the financial resources of the party seeking maintenance, the property division, the standard of living established during the marriage, the duration of the marriage, the age and physical condition of each spouse, and the ability of the providing spouse to meet reasonable needs. Id. § 752(b). "The family court has considerable discretion in determining the amount and duration of maintenance once grounds for the award are established under the statutory criteria, and a maintenance award will be set aside only if there is no reasonable basis to support it." Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250.

Husband argues that the court conflated the triggering requirements of the statute by not considering separately wife's ability to meet her reasonable needs on her own income and failed to consider how paying maintenance would reduce husband's standard of living. There was no error. The court properly assessed whether the triggering requirements were met for maintenance. The court found that wife's income was not sufficient to maintain the marital home, including a mortgage, taxes, and other expenses, as well as the cost of maintaining three vehicles. The court also noted that the parties had enjoyed a high standard of living during the marriage. These findings are sufficient to meet the standard for granting maintenance. The reference to reasonable needs is not looked at "in relation to subsistence" and "the goal of spousal maintenance is to equalize the standard of living of the parties for an appropriate period of time." Weaver v. Weaver, 2017 VT 58, ¶ 11, 205 Vt. 66 (quotation omitted).

Moreover, the court did not ignore how providing spousal maintenance to wife would impact husband's standard of living. The court recognized the large imbalance in the parties' incomes and found that a payment of $3000 per month to wife would allow her to maintain the family home while still providing husband with sufficient income. Given the parties' annual income as found by the trial court, wife made approximately $10,500 monthly while husband made $18,750. Requiring husband to pay wife $3000 a month still left husband with more income than wife. Therefore, the award of maintenance was appropriate and in keeping with the overall goal of equalizing the parties' standard of living.

2

Husband also argues that the court failed to consider the factors in § 752(b) and the resulting award was lopsided and unfair. Specifically, husband contends that the evidence does not support the court's finding that husband has some health issues, but they did not impact his ability to work. This finding is supported by the evidence, including husband's own testimony that he plans to continue working in his current occupation as a nurse-anesthetist and to retire at sixty. To the extent that husband argues that the award leaves him unable to finance a home of his own, he does not demonstrate how his income, after paying maintenance, is insufficient for this. The income left after maintenance remains more than wife's and is sufficient to cover the expenses husband testified to at trial. The court properly considered the statutory factors and acted within its discretion in awarding wife spousal maintenance for a ten-year period given the disparity in the parties' income and the length of the parties' marriage.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice